### INJURY TO ONE ATTEMPTING TO BOARD A CAR.

Court of Appeals for Hamilton County.

THE CINCINNATI TRACTION COMPANY v. JENNIE RISKEY.*

Decided, February, 1913.

*Negligence—Woman Injured by Premature Starting of Street Car—Charge of Court—Competency of Testimony of Physician.*

1. In charging a jury the law should be stated by the spoken word of the judge himself, and not by reference to any paper which may have been filed in the case.
2. It is competent for the physician who treated the plaintiff for the injuries complained of and who saw the marks on her body to testify that the accident of which she told him and the marks of which he had seen on her person caused the condition which he had described.

*Paxton, Warrington & Seasongood,* for plaintiff in error.
*Hoffman, Bode & LeBlond,* contra.

JONES, J.; SMITH, P. J., and SWING, J., concur.

The issue of fact in the trial of this case was a simple one. If as plaintiff claimed in her petition and evidence the car had stopped for the purpose of allowing her and other persons to board it and was started by defendant's employees while she was in the act of stepping upon the platform, defendant is lia-

---

*Affirmed without opinion, *Cincinnati Traction Co.* v. *Riskey,* 90 Ohio State.

ble.  If plaintiff tried to board the car while it was in motion and was injured as a result of such attempt, defendant is not liable.

This issue makes unnecessary any discussion by the court, in its charge, of the question as to when a person becomes a passenger.

The court undertook to instruct the jury upon this question and, we have no doubt, erred in the manner pointed out in the brief of plaintiff in error.

This portion of the charge was:

"I believe the law holds that a person is regarded as a passenger of a company when they undertake to enter a car of the company as alleged in this petition.  If they are on board the vehicle of transportation they are said to be a passenger, whether or not they have up to that time paid their fare, but enter with the intention of paying their fare, or, if they are in the act of entering upon the vehicle of the company, they then have all the rights of a passenger to this extent, that the carrying company is charged with the highest degree of care with reference to the transportation and care of that passenger."

In charging the jury a court should not undertake to do so by reference to the allegations of any paper.  The law should be stated by the spoken word of the judge himself.  It was particularly erroneous to refer the jury to the petition in this case as it states plaintiff "boarded the car" and then, by subsequent allegations, places her on the step in the act of stepping to the platform.  The allegations of the petition are conflicting.

On page 95 of bill of exceptions will be found a correct statement of the law as follows:

"If you find from the evidence that the plaintiff undertook to get on the car after it had started, then she assumed the risk of such action and could not recover for any injury resulting thereby; if on the other hand, that while the plaintiff, in the exercise of ordinary care was in the act of entering the car, and after she had placed her foot upon the car while stopped, and that the car was suddenly started, and that she was injured because thereof, then she would be entitled to recover for her injuries."

This portion of the charge is clear and unambiguous, correctly states the law upon the pleadings and evidence in this case and in our opinion cures the error pointed out above. In the reply brief it is claimed that in this portion of the charge the court omitted to say that before plaintiff can recover it (the jury), must also find that "she was not given a reasonable opportunity to enter the car before it started." We think there was nothing in the evidence, or claim of defendant to make this necessary.

The following portion of the charge is objected to:

"This compensation would include the pain she has already suffered, as well as the pain she may continue to suffer if her injuries are of such nature as to cause her pain in the future."

It is true that this language is not that approved by our Supreme Court in *Pennsylvania Co.* v. *Files*, 65 O. S., 403. The language there used and indorsed by the syllabus is—"Where prospective damages are claimed, they should be limited by the court in its charge to such as may be reasonably certain to result from the injury."

The use of the words "may suffer" has been held to be erroneous, but we think the words which follow made it incumbent upon plaintiff below to, at least, show future pain or suffering "reasonably certain" if indeed they do not require a higher degree of proof.

The court instructed the jury that it must find her injuries "are of such nature as to cause her pain in the future" before anything could be included for future pain. We are of the opinion that while this is not a model charge on the point in question it substantially conforms to the rule and can not be said to be prejudicial to the party complaining.

The special charge which was refused by the trial court was not a full statement of the law upon the question involved. It places emphasis upon the jerking of the car and entirely ignores the complaint that the car was started while plaintiff was trying to board it. Under the evidence the charge that "a sudden jerk is no evidence of negligence" would be error, the testimony

showing, as it does in this case, that the car had stopped for plaintiff and others and that there was no lack of diligence or alacrity in boarding it.

We find no prejudicial error in the exclusion or admission of evidence.

The evidence of the physician who treated her before and after the accident as to the cause of the "floating kidney" was admissible. Had he been called in purely as an expert who had no previous knowledge of the patient it would be otherwise. But he was called to treat the patient for these injuries, saw the marks on her body and treated her for a long time. It was competent for him to say that the accident which she told him about and of which he saw the marks on her body caused the condition described by him. Especially is this so when no attempt is made to prove nor is there any intimation that she had suffered any other violence.

We find no error in the record prejudicial to plaintiff in error and are of the opinion that the judgment should be affirmed.